**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

KEVIN J. REID,

    Plaintiff,

*v*.　　　　　　　　　　　　　　　　CASE NO. 08-CV-10214

COMMISSIONER OF　　　　　　　　DISTRICT JUDGE MARIANNE O. BATTANI
SOCIAL SECURITY,　　　　　　　　　MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.　　RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1]The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II. REPORT

### A. Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for supplemental security income benefits. This matter is currently before the Court on cross-motions for summary judgment. (Dkt. 11, 17.)

Plaintiff was 42 years of age at the time of the most recent administrative hearing. (Transcript, Dkt. 7 at 81, 370.) Plaintiff's relevant employment history included work as a firefighter, machine operator, cashier, custodian and clerk. (Tr. at 154.) Plaintiff last worked in November 2000. (*Id.*)

As pointed out by the Administrative Law Judge ("ALJ"), Plaintiff has filed a number of prior applications, the most recent of which was filed in October 2000 and denied on November 25, 2002, after a hearing by an ALJ.[2] (Tr. at 15, 24-33.) Plaintiff filed the instant claim on February 7, 2003, alleging that he became unable to work on January 22, 1988. (Tr. at 81.) The claim was denied at the initial administrative stages. (Tr. at 34.) In denying Plaintiff's claims, the Defendant Commissioner considered epilepsy and affective disorders as possible bases of disability. (*Id.*)

On April 6, 2006, Plaintiff appeared with counsel before ALJ Richard Sasena, who considered the case *de novo*. In a decision dated June 7, 2006, the ALJ found that Plaintiff was not disabled. (Tr. at 12-23.) Plaintiff requested a review of this decision on August 8, 2006. (Tr. at 10.)

---

[2]The ALJ noted that Plaintiff filed no appeal from this unfavorable decision. (Tr. at 15.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on November 8, 2007, when, after the review of additional exhibits[3] (Tr. at 368-69), the Appeals Council denied Plaintiff's request for review. (Tr. at 6-8.) On January 14, 2008, Plaintiff filed the instant suit *in pro per* seeking judicial review of the Commissioner's unfavorable decision.

**B.      Standard of Review**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by

---

[3]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting S.S.R. 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, the court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of the court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x 521, 526 (6th Cir. 2006).

**C.  Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II, 42 U.S.C. §§ 401 *et seq.*, and the Supplemental Security Income Program ("SSI") of Title XVI, 42 U.S.C. §§ 1381 *et seq.* Title II benefits are available to qualifying wage earners who become disabled prior to the

expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. BLOCH, FEDERAL DISABILITY LAW AND PRACTICE § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If Plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work." *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D. Administrative Record

A review of the relevant medical evidence contained in the administrative record and presented to the ALJ indicates that Plaintiff was seen on a number of occasions in the emergency rooms of various hospitals in the area of Flint, Michigan. (Tr. at 216-40, 242-51, 328-65.) In early 2003, Plaintiff was seen for a consultation by Rizwan Danish, M.D. (Tr. at 271-72.) During this time, Plaintiff was also treated by Nasir Ahmad, M.D., for a lacerated tongue (Tr. at 281-86), and by Paul Musson, M.D., for pain in the right shoulder and arm. (Tr. at 287-91.) Plaintiff also underwent a consultative examination conducted at the request of the Disability Determination Service, which was performed by Gordon Forrer, M.D. (Tr. at 301-05.)

### E. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity at any relevant time.

(Tr. at 17.) At step two, the ALJ found that Plaintiff's seizure disorder, bipolar disorder, marijuana abuse and personality disorder were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 18.) At step four, the ALJ found that Plaintiff could not perform any of his previous work. (Tr. at 22.) At step five, the ALJ denied Plaintiff benefits because Plaintiff could perform a significant number of jobs available in the national economy. (*Id.*)

**F.  Analysis and Conclusions**

**1.  Legal Standards**

The ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of light work. (Tr. at 18, 22.) Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in the application of the Commissioner's five-step disability analysis to Plaintiff's claim.

**2. *Res Judicata***

The ALJ concluded that the November 25, 2002, decision, which Plaintiff failed to appeal, was *res judicata* on the issue of Plaintiff's eligibility for benefits prior to that date. 42 U.S.C. §

8

405(h) provides in part that "the findings and decision of the Commissioner after a hearing shall be binding upon all individuals who are parties to such hearing." The Commissioner's regulations provide that his initial determinations of eligibility are to be given preclusive effect. *See* 20 C.F.R. § 404.921. As a result, a claimant's subsequent application for benefits may be barred by the doctrine of *res judicata*, where the Commissioner has made a final decision or determination on the claimant's rights to benefits based upon the same facts and issues. *See* 20 C.F.R. § 404.957(c)(1). The courts have consistently upheld the imposition of the doctrine of administrative *res judicata* in social security cases except under circumstances that implicate a colorable constitutional issue. *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977); *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

> Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence.

*Sanders*, 430 U.S. at 109.

In this circuit, if a claimant does not appeal an adverse disability determination, nondisability as of the date of decision is established as a matter of *res judicata*. *Carver v. Sec'y of Health & Human Servs.*, 869 F.2d 289 (6th Cir. 1989); *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870, 871 n.2 (6th Cir. 1986); *Gibson v. Sec'y of Health & Human Servs.*, 678 F.2d 653, 654 (6th Cir. 1982); *Maddox v. Richardson*, 464 F.2d 617, 619 (6th Cir. 1972); *Gaston v. Richardson*, 451 F.2d 461 (6th Cir. 1971).

As explained by the Sixth Circuit in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997):

> A decision concerning a claimant's eligibility for social security benefits is an "initial determination" under the social security regulations. 20 C.F.R. § 404.902. An initial determination is binding unless the claimant requests reconsideration or the Commissioner revises its decision. 20 C.F.R. § 404.905. An initial determination is subject to the doctrine of administrative *res judicata*. *See Draper v. Sullivan*, 899 F.2d 1127, 1130 (11th Cir. 1990) (rejecting the Commissioner's argument that *res judicata* did not apply because the Social Security Administration was not acting in a judicial capacity and the parties did not have an opportunity to litigate the issues).

*Id.*; *see also* 20 C.F.R. §§ 404.987-404.989.

I therefore suggest that the Commissioner's final decision issued November 25, 2002, is *res judicata* on the issue of Plaintiff's disability relating to the period prior to that date. This, however, does not end the analysis, since Plaintiff has filed new evidence relating to disability with the instant application, which, if found to be sufficient, could support the finding that the Plaintiff has now become entitled to benefits for some period subsequent to November 25, 2002. I therefore turn to a consideration of whether or not substantial evidence supports the ALJ's decision.

### 3. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

In late November 2002, Plaintiff was admitted to the Hurley Medical Center after having suffered an epileptic seizure. (Tr. at 217.) It was noted that Plaintiff had suffered seizures since a motor vehicle accident in 1983. Plaintiff tested positive for both cocaine and marijuana at the time of his admission. (*Id.*) An x-ray of the lungs and a CT scan of the head were both normal.

(Tr. at 228-30.) Plaintiff was administered anti-compulsive medications and was discharged four days later in stable condition. (Tr. at 218.) X-rays of Plaintiffs right-hand wrist and forearm taken approximately 1 week later were negative. (Tr. at 241.) In mid-January 2003, Plaintiff was again seen in the Hurley Medical Center emergency room after having suffered a seizure. (Tr. at 242.) The admitting note again indicated that Plaintiff had used marijuana and cocaine. (*Id.*) The hospital records indicate that Plaintiff refused to be admitted and signed himself out against medical advice (AMA). (Tr. at 243.) Doctor Musson noted during the same period that Plaintiff had apparently run out of anti-seizure medication. (Tr. at 289.)

In February 2003, Dr. Paul Musson, one of Plaintiff's treating physicians, forwarded a report to the Michigan Family Independence Agency. He stated that he had been treating Plaintiff for the previous five months. (Tr. at 258.) He diagnosed Plaintiff with a seizure disorder, noting Plaintiff's previous motor vehicle accident. (*Id.*) The doctor stated that Plaintiff was in stable condition and that his prognosis was for "improvement by treatment." (Tr. at 259.) The doctor stated that Plaintiff had no physical limitations except during seizures. (*Id.*) Doctor felt that Plaintiff could undertake grasping, reaching, pushing, pulling, and manipulating tasks with either hand and could operate the controls with either foot. (*Id.*) No mental limitations were noted. (*Id.*)

In mid-February 2003, Plaintiff was examined by Dr. Rizwan Danish at the request of Dr. Musson. The doctor found no evidence of deep vein thrombosis in Plaintiff's arms, and he did not believe that anti-coagulation medication was needed. (Tr. at 272.)

An early March 2003 office note by Dr. Musson stated that skin problems on Plaintiff's left arm had resolved and that, after Dr. Ahmad's surgery, Plaintiff's tongue was "greatly improved." (Tr. at 287.) Chest x-rays taken of Plaintiff in June 2003 were normal. (Tr. at 362.) In mid-December 2003, Plaintiff was seen at the Hurley Medical Center emergency room after he injured

11

his thumb while playing basketball. (Tr. at 353.) Plaintiff was seen in July 2005 for back pain, but no significant abnormalities were found. (Tr. at 339-41.) Plaintiff was seen again in September 2005 for pain in his right shoulder. The examining physician found minimal swelling and mild pain; x-rays revealed no fractures, dislocation or arthritis. (Tr. at 328-38.)

At the administrative hearing, Plaintiff testified that he could sit 20 to 30 minutes without much of a problem. (Tr. at 399.) Plaintiff testified that he rode his bicycle a couple of miles on a daily basis. (Tr. at 399-400.) Plaintiff saw his children on a regular weekly basis. (*Id.*) Plaintiff also enjoyed playing pool. (Tr. at 401.) Plaintiff described visiting other friends and relatives, primarily using his bicycle for transportation. (Tr. at 401-02.)

A vocational expert ("VE") also testified at the administrative hearing. She characterized Plaintiff's brief periods of work as a retail clerk to be medium and unskilled. (Tr. at 407.) In response to a hypothetical question presuming a person of Plaintiff's background capable of lifting no more than 20 pounds and undertaking activities which could be done either sitting or standing which involved only occasional climbing, stooping, or kneeling and routine, simple, repetitive tasks, the VE identified 6,100 security guard jobs, 18,000 cashier jobs, 3,000 file clerk jobs, 8,600 general clerk jobs, 3,200 administrative support positions, and 3,100 stock clerk jobs consistent with these hypothetical conditions. (Tr. at 408.)

After review of this record, I suggest that the evidence summarized above constitutes substantial evidence supporting the ALJ's findings and conclusions. Plaintiff's arguments to the contrary, I suggest, are largely unavailing, as they are for the most part based upon evidence precluded from consideration by operation of the doctrine of *res judicata*.

The ALJ did not find Plaintiff's allegations of disabling pain fully credible. Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff

must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b) (1995); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c) (1995); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.* An ALJ may give also less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at **3 (6th Cir. Ohio Feb. 11, 1999).

In the present case, the ALJ acknowledged that Plaintiff had an impairment that could cause pain; however, he found that the severe and debilitating nature of Plaintiff's alleged pain was not fully credible and provided reasons for this conclusion. The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Under this standard, I suggest that there is insufficient basis on this record to overturn the ALJ's credibility determination.

The ALJ's findings also follow the opinions of the vocational expert which came in response to proper hypothetical questions that accurately portrayed Plaintiff's individual physical impairments in harmony with the objective record medical evidence as presented by the treating and examining physicians, as well as the daily activities described by Plaintiff himself. (Tr. at 407-08.) *See Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 429 (6th Cir. 2007); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

As to Plaintiff's claims of disabling mental impairments, the evidence in this case falls considerably short of that found sufficient in this circuit to uphold a finding of disability. *See Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991) (claimant experienced "continuing and unrelenting episodes of violent and suicidal behavior, chronic anxiety and abnormal dependency with an inability to handle stress"). I suggest, instead, that the administrative record in this case is much more consistent with the cases in this circuit finding that allegations of disabling mental impairments failed to justify the award of benefits. *See Hogg v. Sullivan*, 987 F.2d 328 (6th Cir. 1992); *Foster v. Bowen*, 853 F.2d 483 (6th Cir. 1988). This is especially so in light of the finding of no mental limitations by Plaintiff's treating physician, Dr. Musson. (Tr. at 259.)

Accordingly, after review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is well within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

|  | s/ *Charles E. Binder* |
|---|---|
|  | CHARLES E. BINDER |
| Dated: October 30, 2008 | United States Magistrate Judge |

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Brunson, and on the Commissioner of Social Security, served on Kevin J. Reid via first class mail at 3626 Fleming Rd., Flint, MI 48504, and served on District Judge Battani in the traditional manner.

Date: October 30, 2008   By   s/Patricia T. Morris
                              Law Clerk to Magistrate Judge Binder