UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN J. REID,

       Plaintiff,                                 Case No. 08-10214
                                                 Hon. Marianne O. Battani

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kevin J. Reid brings this action for judicial review of the final decision of the Commissioner that Plaintiff is not disabled. 42 U.S.C. §§ 402(d)(1), 402(g). The case was referred to Magistrate Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1). The parties filed dispositive motions, and in his Report and Recommendation ("R&R"), Magistrate Judge Binder recommends that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.

Plaintiff filed Objections to the R&R, arguing that the administrative record does not contain substantial evidence to support the Commissioner's decision. For the reasons stated below, the Court **REJECTS** Plaintiff's Objections, and **ADOPTS** the R&R in its entirety.

**I. PROCEDURAL BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits in February 2003, alleging that he had been unable to work since January 22, 1988, due to seizures, chronic back pain, joint pain and depression. Plaintiff's most recent, prior application for benefits was denied in November 2002. Because the Plaintiff did not appeal that decision, the Administrative Law

1

Judge found that it could not be reopened, and he limited consideration of disability as of November 26, 2002, the day following the decision on the prior application.

After the Social Security Administration denied benefits, Plaintiff requested a hearing. Administrative Law Judge ("ALJ") Richard I. Sasena presided at the April 2006 hearing. Thereafter, the ALJ found that Plaintiff was not entitled to disability benefits because he had the residual functional capacity to perform light work with a sit/stand option and other limitations, which were included in the ALJ's hypothetical question to the vocational expert. Tr. at 18. The Appeals Council declined to review the decision, and Plaintiff sought judicial review.

The Court incorporates the facts as articulated in the Report and Recommendation. The Court includes any specific facts upon which it relies in analyzing Plaintiff's arguments in its discussion of the objections.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

Judicial review in a social security appeal is limited to determining whether there is substantial evidence supporting the administrative law judge's decision and whether the judge applied the correct legal standards in reaching that decision. Elam v. Comm's of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003); 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports a denial of benefits, that decision is not subject to reversal, even if the reviewing court determines that substantial evidence supports a contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983).

When determining whether the decision is supported by substantial evidence, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545 (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1971)). However, the court may not review the evidence *de novo*, make determinations of credibility, or weigh the evidence. Brainard v. Sec'y of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Consequently, the substantial evidence standard accords "considerable latitude to administrative decision makers," as "[i]t presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (citations and internal quotations omitted).

With this standard in mind, the Court directs its attention to Plaintiff's objections to the R&R. First, Reid challenges the limitation on his benefits to after November 26, 2002. In addition, Plaintiff disputes the ALJ's credibility assessment.

3

### A. Temporal Limitation

Plaintiff challenges the ALJ's determination that the Commissioner's November 25, 2002, decision denying benefits precludes Plaintiff's current request for benefits prior to that date. Reid argues that the finding that he did not appeal the November 2002 denial is clearly erroneous because he has a history of appealing adverse decisions and his treating physician advised him to appeal adverse decisions.

The record is devoid of evidence that Plaintiff appealed the decision. His reliance on prior conduct or the advice of others to show the ALJ's finding is clearly erroneous is misplaced. Neither undermines the plain fact that the record flatly contradicts Reid's assertions. Therefore, the finding is not clearly erroneous.

Next, Reid maintains the decision violates his constitutional rights because the conclusion "foreclosed consideration of the mechanism of injury in the equation of whether Plaintiff was disabled within the meaning of the Social Security Administration on or before November 25, 2002, without notifying Plaintiff of the consequences of proceeding without challenging the Social Security's assertion that he failed to appeal the adverse November 25, 2002, decision. Pl.'s Objection at 3. Plaintiff's argument builds on his erroneous belief that precluding an award of benefits prior to the November 2002 date precludes consideration of medical evidence prior to that date. The finding prevents an award of benefits prior to the date; it does not preclude reliance on records of Plaintiff's medical condition prior to that date.

In sum, Plaintiff's argument fails because the ALJ's determination is supported by applicable law and the facts of this case. Federal courts lack jurisdiction to review an ALJ's decision not to reopen a prior application absent an exception for a claimant who raises a colorable constitutional claim. See Wills v. Sec'y, Health and Human Servs., 802 F.2d 870,

4

873 (6th Cir.1986) (citing Califano v. Sanders, 430 U.S. 99, 107-08 (1977)).  Because constitutional questions are unsuited to resolution in administrative hearing procedures, "access to the courts is essential to the decision of such questions." Califano, 430 U.S. at 109. Reid raises no constitutional claim.  Accordingly, the Court finds Plaintiff's argument  lacks merit.

### B.  Credibility Determination

According to Reid, the ALJ erroneously relied on Plaintiff's appearance rather than the trauma Plaintiff suffered as a result of the automobile accident in assessing the extent of Plaintiff's pain.  Plaintiff asserts that even "in the absence of substantial evidence on the record," he copes with "excruciating and/or disabling pain." Objections at 4.  Reid maintains that he suffers from pain on a continuous basis as evidenced by his 300 treatments with a chiropractor since 2004 to maintain mobility.  Id. at 5.

The ALJ found Plaintiff's testimony "concerning the intensity, duration and limiting effects of [his] symptoms" was not entirely credible, given the medical records and Plaintiff's daily activities.  As noted by the ALJ, Reid "testified that he does many things during the day and is able to ride his bike all over the city.  His ability to maintain social functioning is only mildly impaired." Tr. at 21.  Accordingly,  Plaintiff's assessment of  the extent of his limitations was not fully corroborated by the objective medica evidence or his own testimony about his daily activities.

The record as a whole supports the ALJ's finding that Plaintiff's condition is not disabling, notwithstanding Reid's testimony to the contrary.  An individual's statements as to "pain or other symptoms will not alone establish that [he is] disabled. . . ."  20 C.F.R. § 404.1529(a). The Sixth Circuit employs a two-prong test to evaluate a claimant's assertions

5

of disabling pain. First, the court examines "whether there is objective medical evidence of an underlying medical condition." Felisky v. Bowen, 35 F.3d 1027, 1038-39 (6th Cir.1994) (quoting Duncan v. Sec'y of HHS, 801 F.2d 847, 853 (6th Cir.1986)). Once that is established, the court considers "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain." Id.

In this case, the ALJ found objective medical evidence of Plaintiff's underlying conditions. He did not find objective evidence confirming the severity of Plaintiff's pain. In cases such as the one before this Court, where the objective medical evidence does not substantiate the claimant's subjective complaints, the ALJ must pass on the credibility of the claimant in making those complaints. The ALJ's findings as to credibility are entitled to deference because he had the opportunity to observe the claimant and assess his subjective complaints. Brainard, 889 F.2d at 681. His determination in this case is supported by the medical records, particularly the lack of any treating physician's opinion that Plaintiff was disabled, the lack of treatment expected for someone suffering severe pain, and Plaintiff's own testimony about his daily activities. Thus, this Court finds that the ALJ's credibility determination was grounded in the record. It is not the role of the Court to reweigh the evidence.

Therefore, the record supports the ALJ's conclusion that Plaintiff was not disabled. No basis for reversing the decision of the ALJ exists.

6

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation and **AFFIRMS** the denial of benefits to Plaintiff. Defendant's Motion for Summary Judgment is **GRANTED,** Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

                                       s/Marianne O. Battani
                                       MARIANNE O. BATTANI
                                       UNITED STATES DISTRICT JUDGE

DATE: February 12, 2009

## CERTIFICATE OF SERVICE

A copy of this Order was mailed and/or electronically filed to counsel of record on this date.

                                       s/Bernadette M. Thebolt
                                       Deputy Clerk